DAVID M. SHAPIRO and ADELINE SHAPIRO, Appellants

v.

TUMON BEACH HOTEL CORPORATION, Appellee

Civil No. 65-A

District Court of Guam

Appellate Division

July 25, 1971

Before MUECKE, *Designated Judge*, District Court of Guam; BURNETT, *Chief Justice*, Trust Territory of the Pacific Islands

OPINION

The defendants have appealed from the decision of the Island Court on the basis that the Island Court committed error. Among other alleged errors, appellants attack the following holding of the Island Court:

1. That appellants are not entitled to an injunction against appellee.

2. That appellees are entitled to damages in the sum of $350.00 for the maintaining by the appellants of an encroachment on the southerly wall of appellants' building into the adjoining right of way.

3. That appellants' rights in Chamorrita Drive are those of ingress and egress only.

4. That the garbage can and platform, and storm drains, constitute a burden on the servient estate, and that appellants be required to remove these.

Study of the record and citations of law fail to reveal any clear error in the record as to any of the matters complained of except as the decision relates to the storm drains.

Appellants' attack on the Island Court's finding that appellants' rights in Chamorrita Drive are those of egress and ingress only constitute a misreading of the Island Court's finding on this matter, since this finding does not include the word "only" and the question of the limits of appellants' rights in Chamorrita Drive was not before the Island Court except as to certain specific allegations of excessive use relating to garbage cans, platforms, and storm drains.

As to the catch basin off drain pipes, this Court finds that there is no substantial evidence to support a holding that such basin and drains were an unreasonable use of

Chamorrita Drive since the Island Court refused to permit appellants to put on evidence on this issue despite repeated offers of proof.

Appellees stipulated in open court at the time of the oral argument before this Court that they would agree to a remand to the Island Court for further evidence and argument on this issue of whether the basin and drains were an unreasonable use of Chamorrita Drive or in the alternative, that a judgment issue which will run with the land (now occupied by appellants adjacent to the basin and drains), that the catch basin and drains may remain in place, but that if offer of dedication of Chamorrita Drive is made to the Government of Guam and if acceptance by the Government is conditioned on the removal of such basin and drain, appellants and their successors in interest to the land they now occupy adjacent to the catch basin and drains would then agree to remove the catch basin and drains and agree to being enjoined from continuing to maintain them.

Appellants having agreed orally in open court in the presence of and with the concurrence of appellee to the latter alternative, it is so ordered and the case is remanded to the Island Court for a judgment consistent with this opinion.

As to all other matters, no clear error having been found, the judgment of the Island Court is affirmed.